REQUESTED BY: Senator Howard Lamb Nebraska State Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Lamb:
You have asked if section 2 of LB 506 as amended is unconstitutional under Article VII, section 11, of the Nebraska Constitution because it would permit the Department of Health to use appropriated funds to contract with an institution of learning not exclusively owned and controlled by the state or a political subdivision thereof. We have concluded that it probably is unconstitutional.
Section 2 of LB 506 as amended provides:
 The director shall, after deducting expenses incurred in the administration of such funds, distribute such funds exclusively for grants and contracts to postsecondary institutions having colleges of medicine located in the State of Nebraska.
The funds to be distributed under that section are to be appropriated from the General Fund, equivalent to the estimated revenue from part of the cigarette tax imposed by Neb.Rev.Stat. § 77-2616.
Article VII, section 11, of the Constitution of the State of Nebraska provides in part that `[n]otwithstanding any other provision of the Constitution, appropriation of public funds shall not be made to any school or institution of learning not owned or exclusively controlled by the state or a political subdivision thereof.' There follows an exemption which is inapplicable.
As the court found in Gaffney v. State Department ofEducation, 192 Neb. 358, 220 N.W.2d 550 (1974), it seems that to state the constitutional provision is to answer your question. That court held:
 The question [of the constitutionality of an act to provide financial assistance to nonpublic elementary and secondary schools through the loan of secular textbooks by public school boards of education] . . . is fundamentally different than the one presented by state action involving an examination of the standards set up by the United States Supreme Court under the Establishment Clause of the First Amendment. . . . [B]y its terms, the Constitution of Nebraska does not permit an examination of secular or sectarian purposes, a determination of primary or incidental benefit, or a balancing of the issues involved in state-church entanglement and political divisiveness. . . . The standards are . . . whether there is a public appropriation, whether the grant is in aid of any sectarian or denominational school or college, . . . [A]ny educational institution which receives such aid must be exclusively owned and controlled by the state or a governmental subdivision thereof.
(Emphasis added.) Supra at 362. The intent of ArticleVII, section 11, of the Nebraska Constitution is `to prohibit the extension of aid from public funds to nonpublic schools, in any manner, shape, or form.' Id. at 363.
The fact that the money will be appropriated to the Department of Health and not directly to a private school is immaterial. `Any legislation passed dealing with this subject and delegating such authority to some agency must properly restrict that agency to the same extent as the Legislature itself is restricted in order to prevent such agency from doing what the Legislature itself could not do.' The Legislature cannot do indirectly what it cannot do directly.United Community Services v. The Omaha NationalBank, 162 Neb. 786, 805, 77 N.W.2d 576 (1956). See, also,State ex rel. Rogers v. Swanson, 192 Neb. 125, 136,219 N.W.2d 726 (1974).
LB 506 as amended would permit the grant of appropriated money to a denominational school or college not exclusively owned and controlled by the state or a governmental subdivision thereof for purposes not within the exception expressed in Article VII, section 11. The fact that the state might benefit from the research conducted under such a grant does not affect our conclusion that LB 506, section 2, is unconstitutional. As pointed out above, Article VII, section 11, of the Nebraska Constitution is an absolute bar to such grants and benefit is not a factor to be considered.
Sincerely yours, PAUL L. DOUGLAS Attorney General Marilyn B. Hutchinson Assistant Attorney General